IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| EVANGELINE HOGUE, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>WAL-MART STORES )<br>EAST, L.P., )<br>    Defendant. ) | No. _____<br><br><br><br><br><br>JURY DEMANDED |

**COMPLAINT FOR VIOLATION OF THE AMERICANS WITH
DISABILITIES ACT AND THE NEW MEXICO HUMAN RIGHTS ACT**

  Plaintiff Evangeline Hogue, by and through her attorney, GILPIN & KEEFE, P.C. (Donald G. Gilpin and Lindsay Van Meter), alleges and states:

**JURISDICTION AND VENUE**

1. This is a civil action brought to remedy discrimination in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101 et seq. and the New Mexico Human Rights Act, NMSA 1978, § 28-1-1 through 28-1-14 (1969, as amended through 2007).

2. Plaintiff Evangeline Hogue is a resident of Valencia County, New Mexico.

3. Defendant, Wal-Mart East, L.P. (Wal-Mart), is a foreign corporation registered to do business in New Mexico and doing business in New Mexico. Wal-Mart is an employer as defined by the ADA.

4. Venue is proper because all of the unlawful practices complained of herein occurred within the District of New Mexico.

5. Plaintiff filed a timely EEOC charge and received her Notice of Right to Sue.

1

## GENERAL ALLEGATIONS

6. Evangeline Hogue was employed with Wal-Mart from October of 1997 to September 24, 2007.

7. On September 24, 2007 Evangeline Hogue was terminated.

8. Evangeline Hogue had been working as an assistant manager at Wal-Mart # 3596 in Los Lunas, New Mexico.

9. In 2006, Evangeline Hogue was diagnosed with moderate to severe sleep apnea, hypertension and insomnia. These conditions have substantially limited Ms. Hogue's ability to sleep, breath, and work.

10. In August of 2006 Ms. Hogue's physician filled out a form provided by Wal-Mart so that Ms. Hogue could apply for medical leave. In that form Ms. Hogue's physician informed Wal-Mart that Ms. Hogue had obstructive sleep apnea, insomnia, elevated blood pressure, and that she was at risk for a stroke, arrhythmia, and hypoxia.

11. In August of 2006, Ms. Hogue went on medical leave.

12. In 2007, Ms. Hogue's doctor approved Ms. Hogue to return to work with the restriction of forty hours a week and with no night shifts.

13. Ms. Hogue requested Wal-Mart to make a reasonable accommodation for her disability in that she would only work forty hours a week and not have to work any night shifts.

14. Wal-Mart refused to make the reasonable accommodation.

15. Upon information and belief, restricted hours of forty hours per week have been approved for other Assistant Managers, and Assistant Managers have not always been required to work night shifts.

16. Working overnight and working over forty hours a week are not essential functions for the position of Assistant Manager at Wal-Mart.

17. With the reasonable accommodations of working forty hours a week and not working night shifts, Ms. Hogue was qualified to perform the essential job functions for the position of Assistant Manager at Wal-Mart.

18. Wal-Mart terminated Ms. Hogue on the basis of her disability.

19. As a result of being terminated, Ms. Hogue has suffered lost wages, lost benefits, and emotional distress.

## COUNT I - VIOLATION OF THE ADA

20. Plaintiff reaffirms and realleges each and every allegation contained in this complaint with the same force and effect as if set forth herein.

21. Defendant violated the ADA by terminating Plaintiff.

22. Plaintiff is a qualified individual with a disability under the ADA.

23. Plaintiff's disabilities are sleep apnea, insomnia, and high blood pressure, which, for Plaintiff, substantially limit the major life activities of breathing, sleeping, and working.

24. As a result of being wrongfully terminated, Plaintiff has suffered lost wages, lost benefits, and emotional distress damages.

## COUNT II - VIOLATION OF THE NEW MEXICO HUMAN RIGHTS ACT

25. Plaintiff reaffirms and realleges each and every allegation contained in this complaint with the same force and effect as if set forth herein.

26. Plaintiff's sleep apnea, high blood pressure, and insomnia are serious medical conditions.

27. Defendant terminated Plaintiff because of her serious medical conditions.

28. Plaintiff was otherwise qualified for the position of Assistant Manager at Wal-Mart.

29. Defendant violated the New Mexico Human Rights Act by terminating Plaintiff.

30. Plaintiff suffered lost wages, benefits, and emotional distress damages as a result of being terminated.

## JURY DEMAND

31. Plaintiff respectfully demands a trial by jury.

**WHEREFORE**, Plaintiff respectfully requests this court to enter a judgment

(A) Awarding Plaintiff compensatory damages to make her whole, including damages for lost wages, lost benefits, and emotional distress as a result of being wrongfully terminated;

(B) Awarding Plaintiff the costs for this action including reasonable attorney's fees;

(C) Granting such other and further relief as this Court deems necessary and proper.

Respectfully submitted,

  **Donald G. Gilpin**
Donald G. Gilpin
Lindsay Van Meter
GILPIN & KEEFE, P.C.
5100 Indian School Rd. NE
Albuquerque, NM 87110
Phone: 505-244-3861
Fax: 505-254-0044
ggd48@aol.com