IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EVANGELINE HOGUE,

        Plaintiff,

  vs.                                                             No. CIV 08-1207 BB/LFG

WAL-MART STORES EAST, L.P.,

        Defendant.

## DISCOVERY ORDER

THIS MATTER came before the Court on a telephonic conference call from the parties requesting a ruling on a discovery dispute.

On July 29, 2009, Defendant Wal- Mart Stores East, L.P. ("Wal-Mart") took the deposition of witness Joseph Aragon, M.D., one of Plaintiff's treating physicians. The Court has been informed that Dr. Aragon's deposition fee for his services as an expert witness is $500 for the first hour, and $350 per hour for each hour thereafter. Dr. Aragon wishes to be paid as an expert rather than accept the statutory witness fee as provided in 28 U.S.C. § 1821.

Wal-Mart, the party calling the deposition, is willing to pay Dr. Aragon the statutory fee, but not the full expert witness fee. Counsel for Wal-Mart states that he did not ask the basis of Dr. Aragon's conclusions during the deposition and thus did not treat him as an expert witness.

Plaintiff asks the Court to rule that Dr. Aragon be paid as an expert, arguing that Defendant's counsel asked deposition questions requiring responses from the doctor as to prognosis and diagnosis.

In 8 Wright & Miller, Federal Practice & Procedure § 2034, the authors write:

> [I]t is unfair to allow one party to have for free what the other party has paid for. But that unfairness can be remedied, in an appropriate case, by requiring the party seeking discovery to share the cost.

Indeed, in FED. R. CIV. P. 26(b)(4)(C), a fair allocation of expert expenses between the retaining

party and the one seeking discovery is authorized. Because Dr. Aragon rendered opinions regarding diagnosis, the Court finds that it is appropriate for him to be paid an expert fee.

> With the exception of a situation where a physician is called upon to testify solely as to his or her recollection of an event such as a car accident observed from a distance, in which case the physician would be a pure "fact" witness, a physician testifying as to the diagnosis, treatment and prognosis of a patient will necessarily draw upon special scientific knowledge and experience. Such testimony falls squarely within the purview of Fed.R.Evid. 702 because the physician is offering "scientific, technical or other specialized knowledge" that "will assist the trier of fact to understand the evidence or to determine a fact in issue." As such, regardless of his designation, the physician is entitled to a "reasonable fee" for the testimony.
>
> In this case, Ms. Unrein testified regarding plaintiff's medical condition, her diagnosis of his problems, his treatment and prognosis. This testimony differs markedly from a situation where a witness who happens to be a healthcare provider is called to testify about the color of a traffic light or the position of a car involved in an auto accident observed by such witness.

Wirtz v. Kansas Farm Bureau Svcs., 355 F. Supp. 2d 1190, 1212 (D. Kan. 2005).

The Court will, however, balance the equities as permitted under Rule 26 and order that Defendant reimburse Dr. Aragon for one hour only of the deposition time and not for any time spent preparing for the deposition.

Counsel for Plaintiff stated his belief that Dr. Aragon's expert fee is $500 for the first hour of the deposition. The Court will require Dr. Aragon to submit a verification of that rate to Defendant before Defendant will be obliged to pay for the hour.

IT IS THEREFORE ORDERED that Defendant will pay for one hour of Dr. Aragon's time spent in the deposition of July 29, 2009, billed at the doctor's standard expert witness fee. Plaintiff must serve a verification of Dr. Aragon's expert witness fee to Defendant within ten days of the date of this order.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
Chief United States Magistrate Judge